UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY ARCEO, | No. 2:20-cv-2339 KJN P |
| Plaintiff, | |
| v. | ORDER AND FINDINGS AND RECOMMENDATIONS |
| GABRIELLE TETREFAULT, | |
| Defendant. | |

I. Introduction

Plaintiff is a civil detainee, proceeding without counsel, and has requested leave to proceed in forma pauperis. Plaintiff is subject to civil commitment under the Sexual Violent Predator Act ("SVPA") and California Welfare and Institutions Code §§ 6600 et seq.; such civil detainees are not prisoners within the meaning of the Prison Litigation Reform Act, and thus are not subject to the Act's financial reporting and exhaustion requirements. Page v. Torrey, 201 F.3d 1136, 1140 (9th Cir. 2000).

Plaintiff submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis is granted.

Plaintiff's original complaint, motion for injunctive relief, and motion for the appointment of counsel are before the court. As discussed below, the undersigned finds that plaintiff's complaint must be dismissed, and his motions denied.

II. Plaintiff's Allegations

Plaintiff names his attorney, Gabrielle Tetreault, as the sole defendant herein. In his first, second, and fourth causes of action, plaintiff claims that defendant provided ineffective assistance of counsel, in violation of the Sixth and Fourteenth Amendments, by refusing to raise numerous challenges to plaintiff's 1994 conviction that plaintiff has asked counsel to raise. Plaintiff's third cause of action claims an Eighth Amendment violation based on defendant's "deliberate indifference to plaintiff's abuse and neglect by withholding officer misconduct in an evidentiary hearing with discovery," based on plaintiff's claims that defendant refuses to seek an evidentiary hearing in such state court proceedings. (ECF No. 1 at 11.)

As relief, plaintiff seeks a declaratory judgment; orders (a) enjoining defendant and defendant's replacement from continuing such unlawful acts; (b) requiring new defense counsel to attack plaintiff's 1994 conviction; (c) stating the factual issues are in dispute; and (d) making findings of fact or appointing a referee to make findings of fact as to whether defendant was ineffective; and plaintiff seeks money damages.

III. Screening Plaintiff's Complaint

A. Screening Standards

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a) (prisoner is defined as any person incarcerated or detained). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous when it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th

2

Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) ("[A] judge may dismiss [in forma pauperis] claims which are based on indisputably meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at 1227.

B. Discussion

Plaintiff has named an improper defendant. Under the Civil Rights Act,

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. To state a claim under § 1983, a plaintiff must allege facts to support that a defendant acted under color of state law. Thornton v. City of St. Helens, 425 F.3d 1158, 1163-64 (9th Cir. 2005). "[U]nder color of state law" is the equivalent of the "state action" requirement under the Constitution. Lugar v. Edmondson Oil Co., Inc., 457 U.S. 922, 928 (1982); West v. Atkins, 487 U.S. 42, 49 (1988)). That is, "[a]cting under color of state law is 'a jurisdictional requisite for a § 1983 action.'" Gritchen v. Collier, 254 F.3d 807, 812 (9th Cir. 2001) (quoting West, 487 U.S. at 46). Whether an attorney representing a criminal defendant is privately retained, a public defender, or court-appointed counsel, such attorney does not act under color of state law. See Polk County v. Dodson, 454 U.S. 312, 317-18 (1981); Miranda v. Clark County, Nevada, 319 F.3d 465, 468 (9th Cir. 2003) (*en banc*).

Here, the sole defendant is plaintiff's attorney. Ms. Tetreault was appointed to represent plaintiff in state court on November 12, 2019, in Case No. MH 39-20110-254691-MH-CO-STK. (ECF No. 1 at 4.) Because defendant is an attorney appointed to represent plaintiff in state court proceedings, such defendant did not act under color of state law. Accordingly, plaintiff fails to state a claim against defendant, who must be dismissed.

C. Failure to State a Civil Rights Claim

Plaintiff's efforts to pursue Sixth Amendment ineffective assistance of counsel claims must be raised in direct appeals, or post-conviction or habeas proceedings, and not in a section 1983 action. Claims for ineffective assistance of counsel are not recognized under section 1983,

3

1   despite the statute's "literal applicability" to the Sixth Amendment, because specific appellate and
2   habeas statutes apply.  See Nelson v. Campbell, 541 U.S. 637, 643 (2004) ("Such claims fall
3   within the 'core' of habeas corpus and are thus not cognizable when brought pursuant to
4   § 1983."), citing Preiser v. Rodriguez, 411 U.S. 475, 489 (1973).  Plaintiff's Eighth Amendment
5   claim, also raised on grounds related to defense counsel's alleged failure to act in state court
6   proceedings, fails for the same reason.

7       D.  Leave to Amend?

8       In this case, it is not clear that plaintiff is seeking habeas corpus relief; rather, he appears
9   to seek orders requiring defense counsel to pursue claims in state court proceedings.  Thus, the
10  court declines to convert plaintiff's § 1983 action into a habeas petition.  Trimble v. City of Santa
11  Rosa, 49 F.3d 583, 586 (9th Cir. 1995) ("When the intent to bring a habeas petition is not clear, . .
12  . the district court should not convert a defective section 1983 claim into a habeas petition.").
13  Moreover, plaintiff may seek federal habeas relief only after he has exhausted his state court
14  remedies.  See 28 U.S.C. § 2254(b)(1)(A).  Plaintiff provided a copy of a ruling by the San
15  Joaquin County Superior Court denying his habeas petition on September 10, 2020, so it is
16  unclear whether he has exhausted his state court remedies.  (ECF No. 1 at 35.)

17      Because plaintiff cannot pursue the instant claims in a civil rights action under 42 U.S.C.
18  § 1983, leave to amend is futile, and this action must be dismissed with prejudice.

19  IV.  Motion For Injunctive Relief

20      Plaintiff filed a motion for temporary restraining order and preliminary injunction which
21  includes his ineffective assistance of counsel claims, but adds that that defendant and "officers of
22  the court employed procedures, policies, customs and practices that deny plaintiff any opportunity
23  to challenge the 1994 convictions under WIC 6600(a)(1)," and raises additional allegations
24  attempting to challenge his 1994 conviction, including that plaintiff suffered prosecutorial
25  misconduct, and was denied an impartial jury.  (ECF No. 9 at 11; 27-29.)  As discussed below,
26  the undersigned recommends that plaintiff's motion be denied.

27  ////
28  ////

A. <u>Applicable Law</u>

A temporary restraining order may issue upon a showing "that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." Fed. R. Civ. P. 65(b)(1)(A). The purpose of such an order is to preserve the status quo and to prevent irreparable harm "just so long as is necessary to hold a hearing, and no longer." <u>Granny Goose Foods, Inc. v. Brotherhood of Teamsters</u>, 415 U.S. 423, 439 (1974). In ruling on a motion for temporary restraining order, district courts apply the same factors used to evaluate a request for preliminary injunctive relief: whether plaintiff "is likely to succeed on the merits, . . . likely to suffer irreparable harm in the absence of preliminary relief, . . . the balance of equities tips in his favor, and . . . an injunction is in the public interest." <u>Winter v. Natural Res. Def. Council, Inc.</u>, 555 U.S. 7, 20 (2008); see <u>Stuhlbarg Int'l. Sales Co. v. John D. Brush & Co.</u>, 240 F.3d 832, 839 n.7 (9th Cir. 2001) ("Because our analysis is substantially identical for the injunction and the TRO, we do not address the TRO separately."). The propriety of a request for injunctive relief hinges on a significant threat of irreparable injury that must be imminent in nature. <u>Caribbean Marine Serv. Co. v. Baldridge</u>, 844 F.2d 668, 674 (9th Cir. 1988). A preliminary injunction is appropriate when a plaintiff demonstrates . . . "serious questions going to the merits and a hardship balance [ ] tips sharply toward the plaintiff, . . . assuming the other two elements of the <u>Winter</u> test are also met." <u>Alliance for the Wild Rockies v. Cottrell</u>, 632 F.3d 1127, 1131-32 (9th Cir. 2011). "A preliminary injunction is an extraordinary remedy never awarded as of right." <u>Winter</u>, 555 U.S. at 24 (citation omitted).

B. <u>Discussion</u>

Plaintiff's motion for injunctive relief must be denied for the same reasons this action is dismissed: his claims are not appropriately raised in a civil rights action. Because this action must be dismissed for lack of jurisdiction, plaintiff cannot demonstrate he is likely to succeed on the merits.

V. <u>Motion for Counsel</u>

Plaintiff requests that the court appoint counsel. Generally, a person has no right to counsel in civil actions. However, the court has discretion to designate counsel pursuant to 28

U.S.C. § 1915(e)(1) under "exceptional circumstances." Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009). "When determining whether exceptional circumstances exist, a court must consider the likelihood of success on the merits as well as the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." Id. (internal quotations and citation omitted).

Here, plaintiff's filings make apparent that plaintiff is capable of articulating his claims, and in light of the recommended dismissal of this action, the court finds that plaintiff cannot meet his burden of demonstrating exceptional circumstances warranting the appointment of counsel.

VI. Orders and Recommendations

In accordance with the above, IT IS HEREBY ORDERED that:

1. The Clerk of the Court is directed to assign a district judge to this case; and

2. Plaintiff's motion for the appointment of counsel (ECF No. 10) is denied.

Further, IT IS RECOMMENDED that:

1. Plaintiff's complaint be dismissed with prejudice for failure to state a claim;

2. Plaintiff's motion for temporary restraining order and preliminary injunction (ECF No. 9) be denied; and

3. This action be terminated.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **twenty-one** days after being served with these findings and recommendations, plaintiff may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: January 15, 2021

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/arce2339.frs