UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY ARCEO,<br><br>  Plaintiff,<br><br> v.<br><br>GABRIELLE TETREFAULT,<br><br>  Defendant. | No. 2:20-cv-2339 JAM KJN P<br><br><br><u>ORDER</u> |

  Plaintiff, a civil detainee proceeding pro se, has filed this civil rights action seeking relief under 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

  On January 15, 2021, the magistrate judge filed findings and recommendations herein which were served on plaintiff and which contained notice to plaintiff that any objections to the findings and recommendations were to be filed within twenty-one days. Plaintiff filed objections to the findings and recommendations.

  After the findings and recommendations issued, plaintiff was transferred to the county jail for his upcoming trial in San Joaquin County.[1] (ECF No. 13.) In his objections, plaintiff first claims he does not have access to his legal materials or to legal research, but then includes

---

[1] It appears that plaintiff is awaiting the adjudication of an involuntary commitment petition under California's Sexually Violent Predator Act ("SVPA") pending in San Joaquin County.

specific objections. (ECF No. 14.) Plaintiff contends he has stated a pendent state law claim against his attorney who represents plaintiff in the pending SVPA proceedings based on his allegations that she is ineffective and fails to submit evidence or call witnesses plaintiff wants in the state court proceedings. However, although the court may exercise supplemental jurisdiction over state law claims, plaintiff must first have a cognizable claim for relief under federal law. See 28 U.S.C. § 1367. As noted in the findings and recommendations, plaintiff fails to state a cognizable civil rights claim, and plaintiff cannot amend to rectify the deficiencies identified therein. Thus, it is futile to grant him leave to amend.

Moreover, in light of the pending proceedings in state court, this court must abstain from interfering. It is well-established that there is a "strong federal policy against federal-court interference with pending state judicial proceedings absent extraordinary circumstances." Middlesex Cty. Ethics Comm. v. Garden State Bar Ass'n, 457 U.S. 423, 431 (1982), citing Younger v. Harris, 401 U.S. 37 (1971). This policy applies both to criminal judicial proceedings and civil judicial proceedings that implicate important state interests. Middlesex Cty. Ethics Comm., 457 U.S. at 432. Younger abstention is required when: (1) state proceedings, judicial in nature, are pending; (2) the state proceedings involve important state interests; and (3) the state proceedings afford adequate opportunity to raise the constitutional issue. Middlesex Cty. Ethics Comm., 457 U.S. at 432.

Here, plaintiff's case satisfies all three abstention criteria. First, it is undisputed that plaintiff's SVPA proceedings are ongoing. Second, SVPA proceedings implicate important state interests. See Hubbart v. Superior Court, 19 Cal.4th 1138, 1153 n.20 (1999) (SVPA proceedings serve "compelling" state interests in the protection of the public and the treatment of mental illness). Younger abstention applies to SVPA proceedings. See, e.g., Rhoden v. Mayberg, 361 F. App'x 895, 896 (9th Cir. 2010); Delray v. Baca, 2010 WL 3789516, *1-3 (C.D. Cal. Aug.17, 2010), adopted, 2010 WL 3783336 (C.D. Cal. Sept. 27, 2010).

As to the third prong of Younger, "[w]here vital state interests are involved, a federal court should abstain unless the state law clearly bars the interposition of the constitutional claims." Middlesex Cty. Ethics Comm., 457 U.S. at 432. ""[O]nly in the most unusual

2

circumstances is a defendant entitled to have federal interposition by way of injunction or habeas corpus until after the jury comes in, judgment has been appealed from and the case concluded in the state courts." Drury v. Cox, 457 F.2d 764, 764-65 (9th Cir.1972); see also Carden v. Montana, 626 F.2d 82, 83-84 (9th Cir.), cert. denied, 449 U.S. 1014 (1980). Plaintiff fails to demonstrate why constitutional claims cannot be raised during his commitment proceeding. Indeed, plaintiff asks the court to dismiss this case without prejudice so he may pursue his claims in state court. (ECF No. 14 at 2-3.)

Because all three prongs of the Younger doctrine are met, this court should also refrain from interfering with the pending SVPA proceedings.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, this court has conducted a de novo review of this case. Having carefully reviewed the entire file, the court finds the findings and recommendations to be supported by the record and by proper analysis. In light of plaintiff's intention to pursue his claim in state court, the court will dismiss the action without prejudice.

Accordingly, IT IS HEREBY ORDERED that:

1. The findings and recommendations filed January 15, 2021, are adopted in full;

2. This action is dismissed without prejudice;

3. Plaintiff's motion for temporary restraining order and preliminary injunction (ECF No. 9) is denied; and

4. This action is terminated.

DATED: March 19, 2021

/s/ John A. Mendez
THE HONORABLE JOHN A. MENDEZ
UNITED STATES DISTRICT COURT JUDGE